UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**DALE R. BRODEUR, SR.,**

         **Plaintiff,**

  **-v-**                  **3:02-CV-823**

**SEAN McNAMEE, WILLIAM BRODEUR, and
NORTHEAST FABRICATORS, LLC.,**

         **Defendants.**
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**DALE R. BRODEUR, SR., DALE R. BRODEUR, JR.,
and CINDY BRODEUR,**

         **Plaintiffs,**

  **-v-**                  **3:02-CV-846**

**WILLIAM BRODEUR,**

         **Defendant.**
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:

Office of Ronald Cohen
Ronald Cohen, Esq., of counsel
Suite 31, 353 West 56th Street
New York, New York 10019
Attorney for Plaintiffs

Coughlin, Gehart Law Firm
Richard B. Long, Esq., of counsel
P.O. Box 2039
20 Hawley Street
Binghamton, New York 13902-2039
Attorneys for Defendant Sean McNamee

Office of Terence P. O'Leary
Terence P. O'Leary, Esq., of counsel
P.O. Box 177
49 North Street
Walton, New York 13856
Attorney for Defendants William Brodeur and Northeast Fabricators, LLC.

**Hon. Norman A. Mordue, Chief Judge:**

         **MEMORANDUM-DECISION AND ORDER**

            **INTRODUCTION**

On July 27, 2006, after a six-day trial, the jury returned verdicts of no cause for action in both of these two consolidated cases. On July 28, 2006, the clerk entered judgment on the verdict in 02-CV-846, *Dale R. Brodeur, Sr., Dale R. Brodeur, Jr., and Cindy Brodeur v. William Brodeur*.

No jury demand had been filed in 02-CV-823, *Dale Brodeur, Sr. v. McNamee, William Brodeur, and Northeast Fabricators, LLC*, and thus the Court treated the jury verdict as advisory. After discharging the jury, the Court ruled from the bench that, based on the evidence at trial, it concurred in the advisory verdict in 02-CV-823, and that a written decision would follow. The Court now issues its findings of fact and conclusion of law.

**BACKGROUND**

The Court assumes that the reader is familiar with the general background of the case. In action 02-CV-823, a breach of contract action based on a typewritten document dated July 24, 1997, the Court charged the jury as follows:

> Plaintiff Dale R. Brodeur, Sr., claims that the July 24, 1997 document constitutes a binding contract. He claims that he, Dale Brodeur, Jr. and Cindy Brodeur accepted defendants' offer to enter into the July 24, 1997 agreement, by signing and returning it in late August 1997. He further claims that defendants Sean McNamee, William Brodeur, and Northeast Fabricators, L.L.C. breached the July 24, 1997 agreement when McNamee interposed a counterclaim against Dale Brodeur, Sr. in April 2001, in McNamee's amended answer in an action brought by Dale Brodeur, Sr. in Delaware County Supreme Court in June 2000. In the present action, Dale Brodeur, Sr. claims that all three defendants were obligated under the July 24, 1997 agreement to hold him harmless, and that they failed to do so in the Delaware County action.
>
> Sean McNamee, William Brodeur, and Northeast Fabricators claim that the July 24, 1997 document never became a binding contract. They argue that the document reflected their offer to enter into a contract, and that Dale Brodeur, Sr. either explicitly rejected it, or did not accept it within a reasonable time. These defendants assert that they signed the July 24, 1997 document, and sent it to Dale Brodeur, Sr. or his representative on July 28, 1997. They claim that Dale Brodeur, Sr. explicitly rejected the offer by letter from attorney Frederick Griffen dated July 29, 1997. They further claim that they had no indication that defendants accepted it until April 17, 1998, when their attorney received a letter from Dale Brodeur, Sr.'s attorney James Kauffman. They argue that under all of the circumstances, this did not constitute acceptance within a reasonable time.
>
> Also, they argue that even if a binding contract did come into existence, Dale Brodeur, Sr. breached it by suing them in Delaware County Supreme Court in June 2000, thus failing to

hold them harmless as he was obligated to do under the July 24, 1997 document. They argue that this breach by Dale Brodeur, Sr. freed them from any obligations to him under the contract, including any obligation to hold him harmless thereafter.

\*\*\*

You must first consider whether plaintiff Dale Brodeur, Sr. has proven by a preponderance of the evidence that a binding contract was formed, that is, whether plaintiff has proven that he assented to the contract within a reasonable time. In this respect, you may consider his intent as indicated by his words and acts. If you find that a binding contract was created, you must then consider whether plaintiff has proven by a preponderance of the evidence that he performed his obligations under the contract up until the time of defendants' alleged breach. Finally, if you find that plaintiff has proven that he performed, you must then determine whether one or more of the defendants breached the contract by failing to perform their part of the bargain. If you find that plaintiff has proven all of these three elements – that there was a binding contract, that plaintiff performed, and that one or more of the defendants failed to perform – then you will return a verdict in favor of plaintiff against the breaching defendant or defendants on the July 24, 1997 document. If plaintiff has not carried his burden of proving any one or more of these elements with respect to each defendant, then you will return a verdict in favor of that defendant on the July 24, 1997 documents.

The verdict sheet set forth the following three questions with respect to action 02-CV-823:

   A. Has plaintiff proven by a preponderance of the evidence that a binding contract was formed?

   B. Has plaintiff proven by a preponderance of the evidence that he performed his obligations under the contract up until the time of defendants' alleged breach?

   C. Has plaintiff proven by a preponderance of the evidence that defendants breached the contract by failing to perform their part of the bargain?

There were no exceptions to the charge or the verdict sheet.

The jury answered "No" to question "A" and, as instructed, returned a verdict without proceeding to questions "B" and "C." The Court ruled from the bench that, based on the evidence at trial, it concurred in the advisory verdict. The Court's findings of fact and conclusions of law are as follows.

## FINDINGS OF FACT

The evidence at trial in action 02-CV-823 establishes that in July 1997, the parties were

involved in negotiations in an effort to resolve issues concerning Industrial Metal Fabrications of Delaware County, Inc. ("IMF"), including its debt to Internal Revenue Service for unpaid federal withholding taxes.  Plaintiff was represented in this matter by attorney Frederick A. Griffen, Esq.; defendants were represented by attorney James M. Hayes, Esq.

By letter dated July 21, 1997, Hayes forwarded to Griffen an undated, unsigned copy of the July 24, 1997 document, referring to it as a "proposed agreement ... setting forth the settlement[.]"  By letter dated July 28, 1997, Griffen notified plaintiff that he had learned from Hayes that defendants had signed the document.  Hayes faxed the document, signed by defendants, to Griffen, who provided it to plaintiff.  When plaintiff first saw the document, it was dated July 24, 1997, and was signed by all three defendants, but not by plaintiff, Bradford Products, L.L.C., or IMF.

On July 29, 1997, Griffen wrote to Hayes the following: "Please be advised that Dale Brodeur, Sr., Bradford Products, L.L.C., and IMF will not sign the proposed Agreement."  The Court finds that this letter referred to the July 24, 1997 document.  This conclusion is fully supported by the testimony of both Hayes and Griffen as well as by their correspondence both before and after July 29, 1997.

The Court rejects as not credible plaintiff's testimony that Griffen's July 29, 1997 rejection letter referred not to the July 24, 1997 document but to an oral agreement whereby plaintiff would pay $68,000 toward the IRS obligation.  The inherent contradictions in plaintiff's testimony in this regard were brought out on cross examination.  Moreover, this testimony is contradicted by the testimony of plaintiff's own attorney, Griffen, and by that of attorney Hayes.  And it is inconsistent with all correspondence both before and after the July 29, 1997 letter.  Accordingly, the Court finds that on July 29, 1997, plaintiff explicitly rejected the offer set forth in the July 24, 1997 document.

The Court further rejects plaintiff's testimony that he (individually and on behalf of Bradford Products, L.L.C.) and Dale Brodeur, Jr. and Cindy Brodeur (on behalf of IMF) accepted

-4-

the offer contained in the July 24, 1997 document. All three testified at trial that, in each others' presence, they signed the July 24, 1997 document in late August 1997 and faxed it to one or more of the defendants.[1] In rejecting this evidence, the Court notes particularly that these three witnesses previously filed sworn affidavits with this Court [2] stating that they signed the July 24, 1997 document on or about July 24, 1997 and returned it fully executed to Griffen, Hayes, and William Brodeur on July 28, 1997.[3]

There is ample additional record evidence that plaintiff did not accept the July 24, 1997 offer in either July or August 1997. For example, correspondence throughout the remainder of 1997 and into 1998 reflects that the issues of the IRS debt and the releases were still unresolved. And attorney Griffin, who represented plaintiff until November 1997, testified at trial (consistently with his handwritten memo to plaintiff dated June 8, 1998) that throughout his representation of plaintiff he never received a fully executed copy of the July 24, 1997 document.

Moreover, record evidence supports the defendants' contention that they did not learn of any purported acceptance of the July 24, 1997 document until March or April 1998. And evidence that, in early 1998, Broome County Industrial Development Agency was moving to collect on a judgment against Dale Brodeur, Sr. is consistent with his apparent change of heart regarding the

---

[1] Inasmuch as the Court rejects plaintiff's contention that the offer set forth in the July 24, 1997 document was accepted in late August 1997, it is not necessary to consider whether, under all the circumstances, acceptance in late August 1997 would have constituted acceptance within a reasonable time.

[2] See Dkt. No. 101, Dale Brodeur, Sr.'s opposition to Sean McNamee's motion for summary judgment, filed July 5, 2005.

[3] The Court notes that Dale Brodeur, Sr.'s affidavit relies on a fax banner on the document, which he cites as "unimpeachable evidence" that the document was transmitted through Hayes' fax machine on July 28, 1997. The trial evidence established that this fax banner reflected the date when Hayes faxed the document, signed by his clients, to Griffen – not the date when it was returned by Griffen to Hayes.

-5-

desirability of entering into mutual hold-harmless agreements with defendants.

To summarize, the Court rejects as not credible the testimony of plaintiff, Dale Brodeur, Jr., and Cindy Brodeur, to the effect that the July 24, 1997 document was not rejected, and that it was accepted in late August 1997. It is contradicted by their own prior sworn affidavits, by virtually all of the documentary evidence, and by the credible testimony of attorneys Hayes and Griffen, who were involved in the events surrounding the proposed settlement reflected in the July 24, 1997 document.

Based on the credible evidence at trial, the Court finds that, on July 29, 1997, the offer set forth in the July 24, 1997 document was explicitly rejected. The Court further finds that it was not accepted in late July or August 1997 or at any other relevant time. Finally, under all of the circumstances, the Court finds that, even if the agreement had not been previously rejected, any acceptance in March or April 1998 would not constitute acceptance within a reasonable time and thus would not create a binding contract.

**CONCLUSIONS OF LAW**

Accordingly, in action 02-CV-823, the Court concludes – as did the jury – that plaintiff failed to prove by a preponderance of the evidence that a binding contract was formed. The complaint is dismissed on the merits.

It is therefore

ORDERED that the complaint is dismissed on the merits and the case closed; and it is further

ORDERED that judgment shall enter accordingly.

IT IS SO ORDERED.

Date: July 28, 2006
      Syracuse, NY

Norman A. Mordue
Chief United States District Court Judge